Nelson, D. J.
Suit was brought by plaintiffs against OttoEcker and judgment recovered. Garnishee proceedings were commenced against N. R. Booth, to whom Ecker had made an assignment for the benefit of creditors. After disclosure by the garnishee a supplemental complaint was filed by permission of the court under the statutes of the state of Minnesota, and it is charged that Ecker made the assignment to Booth to defraud creditors.
The questions presented for consideration are: First. Can this court entertain a suit against the assignee, Booth, who-has given a bond to faithfully fulfil his trusts, and is amenable to the state court, by virtue of the statutes of the state of Minnesota regulating proceedings under assignments for the benefit of creditors ? Second. Is the assignment to Booth fraudulent and void as to Ecker’s creditors ?
There is no law of the state authorizing assignments for the benefit of creditors, but such conveyances are recognized and regulated by the statute for better security. The assignee is selected by the assignor, and can only be removed for such dereliction of duty as would subject him to removal by a court of equity. In fact, the statutory enactment to this- *127 extent is declaratory of the jurisdiction of a court of chancery over trustees, among whom are assignees under voluntary conveyances for the benefit of creditors.
The property in possession of such assignee is not in custodia legis, for the assignee is not an officer of the state court, but a trustee, subject to statutory provisions compelling him to execute his trust according to the terms prescribed by the assignor in the conveyance. The authority of the assignee depends upon the validity of the assignment, and is not conferred by the court. The right of a creditor or other person interested to contest the legality of a voluntary conveyance in a court of competent jurisdiction is not obstructed by the law prescribing the manner of executing assignments made for the benefit of creditors.
A creditor having a standing in the federal courts can contest the validity of such assignment, and a state law cannot deprive him of it.
It remains only to determine whether this assignment was made with intent to delay, hinder and defraud creditors.
The only intent which will determine the validity of an assignment is that of the assignor, at the time it is made, and contemporaneous fraudulent acts are evidence of this intent.
It is in proof that Eeker being insolvent, and owing debts amounting to more than double the value of his assets, took from his business, within four weeks before his assignment, a sum equal to one-half of the value of the property assigned, and erected with it a building upon a lot owned by his wife, and within a short time thereafter joined with his wife in giving a mortgage upon this property to his father-in-law for three times the amount of any debt owing either by him or his wife, and this mortgage and accompanying notes were sent to the father-in-law without any request on his part or any information on the subject until the papers were received. There is no evidence to counteract or explain why such mortgage was given for so large a sum, after one-fourth of his entire assets had been taken from his business in the manner above stated, and under circumstances calculated to show an *128 intent to put a portion of his available means beyond the reach of his creditors.
I have arrived at the conclusion that the assignment is fraudulent and void, and must give judgment for the amount claimed, with costs, and it is so ordered.